**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Adam Dahhane, | Civil No. 15-1229 (PJS/JJK) |
| Plaintiff, | |
| v. | |
| Linda Lorraine Stanton, also known as Linda Lorraine Stanton-Dahhane, and Bonnie Lynn Stanton, | REPORT AND RECOMMENDATION |
| Defendants. | |

Adam Dahhane, 2729 Via Murano Unit 414, Clearwater, FL 33764, Plaintiff pro se.

Amadu Edward Swaray, Esq., Law Offices of Swaray & Associates, PA, counsel for Defendants.

JEFFREY J. KEYES, United States Magistrate Judge

Plaintiff Adam Dahanne has filed a Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 62). The District Court has referred the motion for a Report and Recommendation. Plaintiff requested expedited handling of the motion. He also indicated that he sought a ruling "without oral testimony" based on his supporting affidavit and other submissions in support of the motion. (Doc. No. 62 at 1–2.) Having reviewed the motion, supporting memorandum of law, and Plaintiff's affidavit, this Court concludes that no hearing on the motion is required and that there is no need to await a response to the motion to issue the Court's Report and Recommendation. The motion should be denied.

In his motion Plaintiff asks the Court to issue a "Temporary Restraining Order and Preliminary Injunction to prevent Defendant Linda Stanton . . . from publishing discriminatory, slanderous, misleading, privacy-invading and false information and criminal accusations about

Plaintiff related to this case on *Facebook* and *gofundme.com*[.]" (*Id.*) In support of his motion, Plaintiff asserts that Defendant Linda Stanton has been defaming him by making comments on these internet resources concerning this case, her views of Plaintiff's conduct, and criticisms of Plaintiff's character. (Doc. Nos. 62-1, 62-2, and 62-3; Doc. No. 63, Pl.'s Mem. in Supp. of Mot. for Temporary Restraining Order and Preliminary Injunction ("Pl.'s Mem.") 2–4.) Plaintiff claims that Linda Stanton's publication of such statements harmed his reputation and "will eventually create a likelihood of confusion of the Jury, and adversely affect the administration of justice." (Pl.'s Mem. 5.) Plaintiff asserts that a temporary restraining order and preliminary injunction are appropriate because he is likely to succeed on the merits of a defamation claim (*id.* at 8), will suffer irreparable injury to his reputation (*id.*), no harm will come to Linda Stanton if the injunction is granted (*id.* at 9), and granting the injunction will be in the public's interest because it will affect how the public perceives immigrants like Plaintiff (*id.*).

Courts in the Eighth Circuit consider four factors when deciding whether to enter a preliminary injunction: (1) the probability that the movant will succeed on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between the harm to the movant and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of the preliminary injunction is in the public interest. *See Dataphase Sys., Inc. v. C L Sys., Inc.* (*Dataphase* ), 640 F.2d 109, 114 (8th Cir. 1981). The movant bears the burden of proof on the *Dataphase* factors. *GelcoCotp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987). The court balances the four factors to determine whether a preliminary injunction is warranted. *Dataphase*, 640 F.3d at 113; *West Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1222 (8th Cir. 1986). "In balancing the equities no single factor is determinative. . . . In every

case, it must be examined in the context of the relative injuries to the parties and the public" *Dataphase*, 640 F.3d at 113.

Here, however, it is not appropriate to consider the *Dataphase* factors because Plaintiff's requested injunctive relief bears no relationship to the underlying Complaint.  A court must deny a motion for a preliminary injunction if the injunction sought differs in character from the relief that may be finally granted after trial on the merits or when the preliminary injunction contemplates matters unrelated to the underlying action.  *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181,1185 (10th Cir. 1975)); *Kaimowitz v. Orlando, Fla*, 122 F.3d 41 (11th Cir. 1997), opinion amended on reh'g, 131 F.3d 950 (11th Cir.1997) (preliminary injunction denied as wholly unrelated to the underlying action); *Olham v. Chandler-Halford*, 877 F. Supp. 1340, 1346 (N.D. Iowa 1995) (holding that the "first step" for a party seeking a preliminary injunction is "the establishment of a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

This lawsuit is about an alleged breach of contractual responsibilities.  Plaintiff has not alleged any claim for common law defamation against any Defendant, and he has not sought to amend his Complaint to do so.  Thus, Plaintiff's "motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of [Planitiff's breach of contract] lawsuit." *Devose*, 42 F.3d at 471.  For this reason, his request for a temporary restraining order and preliminary injunction should be denied.

Although Plaintiff styles his motion as one for a temporary restraining order and for preliminary injunction, what he really wants this Court to do is issue a gag order prohibiting

Defendant Linda Stanton from making public statements concerning this litigation and statements about Plaintiff.  Indeed, Plaintiff appears to suggest that he wants such a gag order in place to avoid "confusion of the Jury" and an "adverse[ effect on] the administration of justice." (Pl.'s Mem. 5.)  Parties in a civil case have a constitutional right to an impartial jury.  *Thiel v. S. Pac. Co.*, 328 u.S. 217, 220 (1946).  Courts generally will not restrict extrajudicial statements by parties and counsel unless there is a reasonable likelihood of prejudicing a fair trial by "tainting or biasing the jury pool."  *Am. Science & Eng'g. Inc. v. Autoclear, LLC*, 606 F. Supp. 2d 617, 625–26 (E.D. Va. 2008) ("Courts may disallow extrajudicial statements by litigants that risk tainting or biasing the jury pool.").  Plaintiff has offered nothing beyond his own speculation and has failed to establish that there is a reasonable likelihood Defendant Linda Stanton's extrajudicial statements will prevent him from having a fair trial in this case.  Although Plaintiff finds the online statements attributed to Defendant Linda Stanton offensive and asserts that they contain false assertions of fact, Plaintiff has not demonstrated the kind of extrajudicial conduct by a litigant that would require the Court to issue the order he seeks here.  *Cf. id.* (issuing an order requiring the defendants to take corrective action where the plaintiff demonstrated that the defendants issued a press release in bad faith containing misstatements about the court's rulings intended to inappropriately influence the litigation).

    For these reasons, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 62) be **DENIED**.  Accordingly, the Court will not hear any argument on this motion and the parties need not submit any further briefing in connection with this motion.

Date: December 10, 2015

                                                s/ Jeffrey J. Keyes
                                                JEFFREY J. KEYES
                                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.